IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. AP-75,212






EX PARTE TYVANTI SEDELL JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F03-36047-P IN THE 203RD JUDICIAL DISTRICT COURT

OF DALLAS COUNTY






 Per curiam. 



O P I N I O N




 Pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07, the clerk of the trial
court transmitted to this Court this application for writ of habeas corpus. Ex parte Young,
418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to confinement for ten years and a $1,000 fine. No direct appeal
was taken. 

 Applicant contends that his guilty plea was rendered involuntary and that his trial
counsel was ineffective in his representation of him. Both of these claims are based on the
Applicant's belief that he would be brought back to court for sentencing after completion of
a Special Alternative Incarceration Program boot camp and receive probation. However,
Applicant was not bench warranted back to the trial court until after the trial court's
jurisdiction had expired. 

 The trial court's findings of fact and conclusions of law find that Applicant's plea "was
done not knowingly, intelligently, and involuntarily [sic] due to the reliance by [Applicant]
that he would be timely brought back to be evaluated after boot camp; which was not timely
done due to Court error or ineffective assistance of counsel." The trial court opines that
Applicant's writ application has merit and recommends that said writ "be granted and that
[Applicant] be granted a new trial and returned to the point at which he may answer the
indictment." 

 Relief is granted. The judgment in cause number F03-36047-P in the 203rd Judicial
District Court of Dallas County is vacated, and the Applicant is remanded to the Sheriff of
Dallas County to answer the charges as set out in the indictment. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Criminal Justice Division and Pardons and Paroles Division. 


DELIVERED: June 29, 2005

DO NOT PUBLISH